■ HERBERT FEINMAN et al., Respondents-Appellants, v ELI MENACHEMI, Defendant, and BURROUGHS WELLCOME COMPANY, Appellant-Respondent.—In an action to recover damages for personal injuries, etc., predicated upon theories of medical malpractice and products liability, defendant Burroughs Wellcome Company and plaintiffs cross-appeal, as limited by their respective notices of appeal and briefs, from so much of an order of the Supreme Court, Queens County, dated January 25, 1979, as partially granted plaintiffs' motion to strike certain interrogatories and partially denied Burroughs' cross motion to compel plaintiffs to answer the interrogatories. Order modified to the extent of requiring plaintiffs to answer subdivi-

sions (b) through (f) and (h) of Interrogatory No. 77. As so modified, order affirmed insofar as appealed from, without costs or disbursements. As limited by the briefs, only 24 of the 97 items are presented for review by this court, to wit, Nos. 5, 6, 12, 13, 14, 30, 31, 34, 36, 51, 52, 53, 54, 55, 56, 57, 58, 66, 67, 68, 77, 81, 88, and 89. We agree with Special Term as to all but Item No. 77 which we believe should not have been stricken but rather pruned so as to eliminate subdivisions (a) and (g) referring to ingestion of or exposure to radiation and gold. The inquiry relative to radiation and gold is overly broad. We decline to engage in further pruning even though some of the stricken interrogatories are relevant. Unfortunately, they are infected with such onerous and overbroad demands for details as to cast a doubt upon the purpose for which the information is requested. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.